ELLIS, Judge:
Dixie Electric Membership Corporation is seeking to expropriate a 100 foot wide servitude for an electric transmission line across the property of defendants Rosetta Davis Scott et al. The total acreage taken is 13.39 acres. After trial on the merits, the district judge awarded $13,617.63 for the value of the servitude, and $11,766.69 in severance damages. Plaintiff has appealed, seeking a reduction of that award. Defendants have neither appealed nor answered the appeal.
The tract of land across which the transmission line is to be located contains approximately 187.25 acres and is irregular in shape. It is bounded on the East by the Comite River, and on the West by a subdivision known as Brown Heights. Along its East-West axis it is slightly over a mile in length. The total length of the servitude is 5832 feet. For approximately 3250 feet, the centerline of the servitude lies 66 feet South of and parallel to the North boundary of the tract. This leaves a strip of ground 16 feet by 3250 feet between the servitude and the boundary. The great majority of the parcel lies between the 70 and 75 foot contour lines as shown on the United States Geologic Survey map of the area. The same map, and other evidence, reveals that all or almost all of the subject tract was subject to inundation to a depth of one or two feet in 1962 and 1964. The tract lies in or near the City of Baker and abuts a developed subdivision on its western boundary.
Three expert appraisers testified in the case, one on behalf of the plaintiff, and two on behalf of defendant. As is becoming increasingly the case in expropriations, their conclusions are quite disparate. All of them relied on approximately the same comparable sale data in reaching their conclusions.
Plaintiff’s expert, Chester Driggers, reached the conclusion that the highest and *658 best use of the subject tract -was for .pasture, but felt that it had some speculative value. As pasture land, he assigned it a value of $200.00 per acre, but felt that its speculative value would increase his estimate to $600.00 per acre. He found no severance damages, and reached a total estimate of $6,727.20.
Defendants’ two experts, Kermit Williams and C. C. Book, were of the opinion that the highest and best use of the property was for subdivision purposes, and assigned values of $2,000.00 and $1,800.00 per acre, respectively, to the property. Mr. Williams assigned 90% of his estimate as the value of the servitude, and Mr. Book assigned 95% of his estimate thereto.
Mr. Williams found severance damages of 70% to the 50 foot strips adjoining the right of way on either side, and 30% to the next 50 feet. He found the 16 foot by 3250 foot strip to have been damaged by 90%.
Mr. Book found severance damages of 95% to the 16 foot strip, and $100.00 per acre to the remainder.
Mr. Williams’ estimate of just compensation was based on the assumption that there were 13.27 acres in the servitude. He arrived at a total of $44,712.00, including $20,-826.00 as severance damages. Mr. Book’s estimate amounted to $41,720.00, including $19,028.00 in severance damages.
After hearing the above testimony, the trial judge selected one of the comparable sales utilized by Mr. Driggers, a 23.89 acre tract sold in 1968 for a consideration of $1,611.00 per acre, located about one half mile from the subject tract and also- subject to inundation. After making downward adjustments because of differences in location and size, he arrived at a per acre value of $1,130.00 for the subject tract, and awarded 90% thereof for the value of the servitude. He also found the 16 foot strip to have been damaged to the extent of 90% of its value. He assigned severance damages of 50% to a 100 foot strip on either side of the servitude.
We find no error in the conclusion of the court. It appears to- us to be more firmly based in reason than the opinions of the experts who testified in this case. He concluded • that the property would be suitable for development, although not in the immediate future. He selected as the basis for his opinion the most nearly comparable tract considered by the experts,'and one which shared the same susceptibility to inundation as the subject tract, making appropriate adjustments because of the superior location and smaller size of the comparable tract. When the estimates made by the experts are so disparate as to be irreconcilable, the court must attempt to do substantial justice between the parties on the basis of the credible evidence presented to it, and cannot be bound to accept the opinion of any of the experts.
The judgment appealed from is affirmed, at plaintiff’s cost.
Affirmed.